# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAMELA SUE SOWARDS,**

      **Plaintiff,**

v.                                                                               **Case No: 6:13-cv-76-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

The Plaintiff Pamela Sue Sowards (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to: (1) state with particularity the weight given to the medical opinions of record and the reasons therefor (Doc. No. 12 at 19-20); (2) consider and/or to state the weight given to a prior final decision of the Commissioner, which limited Claimant to a limited range of sedentary work (Doc. No. 12 at 15-19); and (3) to pose a hypothetical question to the Vocational Expert (the "VE") that included all of Claimant's limitations (Doc. No. 12 at 20-21). For the reasons set forth below, it is **ORDERED** that the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.      ANALYSIS.**

This case presents the commonly reoccurring circumstance where an ALJ's failure to state with particularity the weight given to all of the medical opinions of record, and the reasons therefor, frustrates the Court's ability to conduct substantial evidence review. The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability. In cases like this one, involving the ALJ's handling of the medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Commissioner of Social Security*, 533 Fed.Appx. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[1] In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*.

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

(citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

In this case, the record contains the following six (6) medical opinions from examining and non-examining physicians and psychologists: (1) Joseph J. Mignogna, M.D.'s June 17, 2011, consultative physical examination and medical sources statement (R. 547-60); (2) Nitin Hate, M.D.'s June 10, 2011, consultative physical examination and medical source statement (R. 562-74); (3) Pasqua Marongui, Psy.D.'s June 7, 2011, consultative psychological evaluation and medical sources statement (R. 536-45); (4) Pamela D. Green, Ph.D.'s October 1, 2009, non-examining mental residual functional capacity ("MRFC") assessment and psychiatric review technique ("PRT") (R. 456-73); (5) Robert H. Kelly, D.O.'s September 23, 2009, non-examining physical residual functional capacity ("RFC") assessment (R. 448-55); and (6) Steven Weber, Psy.D.'s July 28, 2009, non-examining MRFC and PRT (R. 430-46).[2]  In short, the examining and non-examining opinions are in conflict concerning Claimant's remaining functional capacity. For example, Dr. Hate opined that Claimant is capable of lifting and carrying up to 50 pounds occasionally and 10 pounds frequently (R. 565), as well as sitting for 6 hours, standing for 4 hours, and walking for 3 hours in an 8-hour workday (R. 566).  However, Dr. Mignogna opined that

---

[2] The record contains no medical opinions from any treating physician regarding Claimant's functional limitations or what Claimant can still do despite her impairments.

Claimant is capable of lifting and carrying a maximum of 20 pounds occasionally, and can only sit and stand for 4 hours, and walk for 2 hours in an 8-hour workday (R. 551-52).[3] Drs. Hate and Mignogna are both consultative examining physicians, who examined Claimant within seven (7) days of each other. *See* R. 547-60, 562-74.

In the decision, the ALJ found at step-two of the sequential evaluation process that Claimant has the following severe impairments: "HIV; fibromyalgia; herniated nucleus pulposus of the lumbar spine; peripheral neuropathy; anxiety and depression." R. 19. Based on Claimant's own statements, the ALJ found that she is moderately limited in her ability to perform activities of daily living and to maintain concentration, persistence or pace. R. 20. The ALJ found that Claimant is only mildly limited in her ability to maintain social functioning. R. 20. With respect to Claimant's RFC, the ALJ ultimately found that:

> [C]laimant has the residual functional capacity to lift 50 pounds occasionally and 10 pounds frequently, with continued use of the hands and feet, stand for 4 hours out of an 8 hour day, walk for 3 hours out of an 8 hour day and sit for 6 hours out of an 8 hour day with occasional climbing of ladders, ropes or scaffolds, stooping, kneeling, crouching and crawling and frequent environmental limitations. The claimant is able to perform simple routine tasks on a sustained basis.

R. 21. The ALJ's RFC, with the exception of the limitation to simple routine tasks on a sustained basis, mirrors Dr. Hate's opinion. *Compare* R. 21 *with* R. 562-70.

With respect to the medical opinion evidence, the ALJ states the following:

> As for the opinion evidence, the [ALJ] notes that she has considered and given great weight to [Dr. Hate's opinion] and considerable weight to the opinions of the treating/examining physicians, except where otherwise noted, as they are supported by the medical signs and findings and are consistent with the other medical evidence

---

[3] Their respective opinions are also in conflict with respect to Claimant's postural and environmental limitations. *Compare* R. 554-55 *with* R. 568-69. Dr. Hate opined that Claimant can occasionally climb ladders or scaffolds and she can frequently operate a motor vehicle, while Dr. Mignogna opined that Claimant can never climb ladders or scaffolds, and she can never operate a motor vehicle. *Id*.

>           found in the record. The [ALJ] notes that she has considered and
>           given little weight to the opinion at [sic]

R. 26. The ALJ did not complete the last sentence related to the unidentified opinion, which the ALJ gave little weight. R. 26. Thus, the ALJ gave great weight to Dr. Hate's opinion and considerable weight to the other medical opinions of "treating/examining physicians, except where otherwise noted." R. 26. The trouble with the ALJ's decision arises from the fact that she never "otherwise noted" which opinions, or the portions of those other opinions, that she was not giving considerable weight. In fact, although the ALJ discusses very select portions of Drs. Mignogna and Marongui's evaluations, the ALJ never mentions or evaluates their opinions. *See* R. 23-25.[4] For example, the ALJ never discusses Dr. Mignogna's opinion that Claimant is limited to occasionally carrying a maximum of 20 pounds, she can only sit for 4 hours and walk for 2 hours in an 8-hour workday, she can never climb ladders or scaffolds, and she can never drive a car.

---

[4] With respect to Dr. Marongui's evaluation and opinion, the ALJ's decision is particularly notable. Dr. Marongui administered 10 subtests of the Wechsler Memory Scale-Fourth Edition ("WMS-IV"). R. 538-39. The subtests each resulted in low average to borderline scores, especially in the areas of concentration and attention, including a full scale IQ score of 74, which is higher than only 4% of the general population. R. 538-42. In the decision, the ALJ does not mention any of Dr. Marongui's findings on those standardized tests. R. 23-24.

      Dr. Marongui's mental status exam noted that Claimant's "[p]osture and gait appeared slumped and stooped," and "[s]he appeared to have difficulty standing from a sitting position," requiring numerous breaks during the testing. R. 540. In the decision, the ALJ only notes that while Claimant's motor activity appeared slowed, "she showed no gross motor deficits and was able to walk unassisted." R. 23. While there is no requirement that ALJ refer to every piece of evidence, it is troubling that the ALJ's decision appears to focus only those aspects of Dr. Marongui's evaluation which support the ALJ's ultimate RFC without explaining how the ALJ resolved those aspects of the evaluation that conflict with that RFC.

      In addition to his evaluation and findings, Dr. Marongui also provided a medical source statement. R. 543-45. The Court notes that the medical source statement appears both internally inconsistent and inconsistent with Dr. Marongui's evaluation and findings. *Compare* R. 543-44 *with* R. 536-42. For example, on the check box form, Dr. Marongui checks a box stating that Claimant's ability to understand, remember, and carry out instructions is not affected by her impairments. R. 543. The form directs that if such a box is checked, the examiner should move on to the next question. R. 543. Instead, Dr. Marongui continued to check boxes under that section indicating that Claimant has mild to no limitations, and then wrote that Claimant's IQ test results and standardized test results "support claimant's limitations in this respect." R. 543. Thus, the medical source statement appears internally inconsistent. It is also appears inconsistent with the significant findings from the standardized testing and Dr. Marongui's other findings during the evaluation. R. 538-41 (finding that Claimant's ability to maintain attention and concentration is in 4th percentile range and that her memory, attention, and visual processing impairments are likely the result of her HIV medication). Nevertheless, the ALJ does not discuss the medical source statement in the decision or make any findings related thereto. R. 23-24.

*Compare* R. 24-25 with R. 551-52, 554-55. Thus, the ALJ did not explain the conflict between Dr. Mignogna's opinion and Dr. Hate's opinion or articulate how the ALJ ultimately resolved that conflict in the evidence.

The Claimant's argument that the ALJ erred by failing to state with particularity the weight given to each medical opinion, and the reasons therefor, focuses on the ALJ's last, incomplete sentence. Doc. No. 12 at 19-20 (citing R. 26 ("The [ALJ] notes that she has considered and given little weight to the opinion at [sic]")). However, that particular aspect of the ALJ's handling of the opinion evidence encompasses only a portion of the error here. The Commissioner rightly acknowledges that the ALJ failed to address certain medical opinions, other than Dr. Hate's opinion, and that those other opinions are more restrictive than Dr. Hate's opinion, but the Commissioner essentially argues that the error is harmless. Doc. No. 13 at 8-9. The Court disagrees.

As set forth above, the record contains six conflicting medical opinions, three from examining consultative physicians and psychologists, *i.e.* Drs. Hate (R. 562-74), Mignogna (R. 547-60), and Marongui (R. 536-45), and three from non-examining physicians and psychologists (R. 430-46, 448-55, 456-73).[5] The ALJ's decision largely ignores each of these opinions except Dr. Hate's opinion, which the ALJ ultimately adopted. R. 17-26. It is for the ALJ, not the Court, to resolve conflicts in the evidence, especially the medical opinion evidence. *See Glover v. Commissioner of Social Security*, 2012 WL 84775 at *8 (M.D. Fla. Jan. 11, 2012) (ALJ as trier of fact has the duty to weigh and resolve any conflicts in the evidence in the evidence); *Tauber v.*

---

[5] The Court notes that Dr. Weber's non-examining MRFC limits Claimant to low stress jobs, which is different than the limitation to simple and routine work that the ALJ included in the ALJ's RFC. R. 458. *See generally Haynes v. Astrue*, 2012 WL 4466478 at *7 (generally discussing limitation to "low stress" work). In the decision, the ALJ did not mention Dr. Weber's opinion nor did the ALJ explain why she did not include the limitation to low stress work in the ALJ's RFC. R. 17-26.

*Barnhart*, 438 F.Supp.2d 1366, 1371-72 (N.D. Ga. 2006) (ALJ has "exclusive power to resolve conflicts in the evidence," but must states reasons, supported by substantial evidence, for ALJ's conclusions). In this case, the ALJ failed to even acknowledge the conflicts in the medical opinion evidence, much less explain how the ALJ resolved those conflicts. R. 17-26. The Court "cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity . . . the weight accorded the evidence considered." *Ryan v. Heckler*, 762 F.2d 939, 941 (11th Cir. 1985). This is why, in the Eleventh Circuit, when an ALJ fails to state with particularity the weight given to each medical opinion and the reasons therefor, "'it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

While the ALJ certainly erred by failing to state with particularity the reasons for giving the unidentified opinion little weight (*see* R. 26), the ALJ's failure to state with particularity the weight given and the reasons therefor to the opinions of Drs. Mignogna, Marongui, Green, Kelly, and Weber constitute reversible error. *See MacGregor*, 786 F.2d at 1053. More specifically, the Court cannot determine whether the final decision is supported by substantial evidence because the ALJ failed to: identify the conflicts in the medical opinion evidence, *i.e.* between Dr. Hate's opinion and the more restrictive opinion of Dr. Mignogna; discuss the opinion of Dr. Green, which limited Claimant to low stress jobs, and articulate why the ALJ did not adopt that limitation in the ALJ's RFC; and discuss the seemingly significant low average and borderline objective testing

results from Dr. Marongui, as well as his other findings and medical source statement. Accordingly, the Court finds that the case must be reversed and remanded.[6]

## II.   CONCLUSION.

Claimant requests reversal and a remand for an award of benefits or, alternatively, a remand for further proceedings. Doc. No. 12 at 21-22. The Court may reverse for an award of benefits only where the evidence establishes disability beyond a doubt or where the claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982). The evidence in this case is conflicting and there is no allegation that Claimant has suffered an injustice. *See* supra pp. 2-7. It is for the ALJ, not the Court, to properly weigh and resolve these conflicts in the evidence. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (court may not reweigh the evidence or substitute its opinion for that of the Commissioner).

Based on this record, the Court finds that a remand for further proceedings is appropriate. For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

---

[6] Due to the ALJ's errors with respect to the opinion evidence, the case must be remanded for further proceedings. On remand, the ALJ will necessarily have to reconsider and weigh all of the evidence, formulate a new RFC and, if necessary, solicit new testimony from a VE. Accordingly, it is unnecessary to determine whether the ALJ also erred by failing to consider the prior RFC or by posing a hypothetical question to the VE that did not include all of Claimant's limitations.

**DONE AND ORDERED** in Orlando, Florida on February 21, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Kathleen A. Smith, Esq.
Riley & Smith, P.A.
P.O. Box 2646
Titusville, FL 32781-2646

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Rossana L. D'Alessio
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Suit 1550 New River Ctr
200 E. Las Olas Blvd
Fort Lauderdale, FL 33301